UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ROBERT M. FARRELL, Clerk of Court,<br><br>                Movant,<br><br>      v.<br><br>DIMITRY JOFFE,<br><br>                Respondent. | Misc. Business Docket<br>No. 21-91017-WGY |

YOUNG, D.J.                                       September 7, 2021

**ORDER**

Pursuant to District of Massachusetts Local Rule 83.6.5(c)(2), attorney Dimitry Joffe ("Joffe") was referred to this Session of the Court for potential attorney discipline on January 12, 2021. See Order Concerning Attorney Discipline Under Local Rule 83.6.5 ("Referral"), ECF No. 1. After reviewing the Referral de novo, see L.R. 83.6.5(d), the Court ordered Joffe to show cause in writing why discipline by this Court would be unwarranted, Order Show Cause 1, ECF No. 3. The Court held a hearing on July 26, 2021 pursuant to Local Rule 83.6.5.(i), at which the Court found by clear and convincing evidence that Joffe violated five Massachusetts Rules of

[1]

Professional Conduct.[1]  See S.J.C. Rule 3:07, as amended, 480 Mass. 1304 (2015); see generally In re Auerhahn, MBD No. 09-10206-RWZ-WGY-GAO, 2011 WL 4352350, at *4 (D. Mass. Sept. 15, 2011) (per curiam) (holding that this District applies the "clear and convincing evidence standard" because it "logically fits with this Court's local rules and fairly balances due process, the rights of the attorney, and the interests of the public").

Rule 3.5(d) provides, "A lawyer shall not engage in conduct intended to disrupt a tribunal."  This Court found that Joffe violated Rule 3.5(d) by clear and convincing evidence because Joffe repeatedly interrupted proceedings, even after the referring judge repeatedly reprimanded Joffe for his interruptions.  See Referral 17, 19, 25.

Rule 3.4(c) provides, "A lawyer shall not knowingly disobey an obligation under the rules of a tribunal except for an open refusal based on an assertion that no valid obligation exists."  This Court found that Joffe violated Rule 3.4(c) by clear and convincing evidence because Joffe attempted to represent his clients without local counsel, failed to comply with rules

---

[1] Local Rule 83.6.1(d) provides, "All attorneys who are admitted or authorized to practice before this court shall comply with [the Massachusetts Rules of Professional Conduct] in all matters they handle before this court."

[2]

governing discovery motions, repeatedly failed to include supporting memoranda with motions despite repeated specific warnings to do so, repeatedly failed to confer with opposing counsel despite repeated specific warnings to do so, and repeatedly failed to conform his clients' second amended complaint to Federal Rules of Civil Procedure 8 and 9 despite repeated specific warnings to do so. See Referral 23.

Rule 3.4(d) provides, "A lawyer shall not in pretrial procedure, make a frivolous discovery request or fail to make reasonably diligent effort to comply with a legally proper discovery request by an opposing party." This Court found that Joffe violated Rule 3.4(d) by clear and convincing evidence because Joffe repeatedly missed discovery deadlines, failed to produce appropriately relevant documents, failed to maintain relevant documents after litigation was reasonably anticipated, and produced tens of thousands of pages of unresponsive "literal spam" which Joffe admitted he did not review. See Referral 7-9, 23.

Rule 3.4(h) provides, "A lawyer shall not present, participate in presenting, or threaten to present criminal or disciplinary charges solely to obtain an advantage in a private civil matter." This Court found that Joffe violated Rule 3.4(h) by clear and convincing evidence because Joffe brazenly and

[3]

repeatedly threatened an opposing party with criminal prosecution during a deposition. See Referral 14-16.

Rule 8.4(h) provides, "It is professional misconduct for a lawyer to engage in any other conduct that adversely reflects on his or her fitness to practice law." This Court found that Joffe violated Rule 8.4(h) by clear and convincing evidence because Joffe's persistent threatening of criminal prosecution over opposing counsel's pleading and objections demonstrates a lack of professionalism, respect, and character that adversely reflects Joffe's fitness to practice law. See Referral 24.

Having found five violations of the Massachusetts Rules of Professional Conduct, the Court imposes the following discipline pursuant to Local Rule 83.6.4(a)(6): the Court orders Joffe to file this Order, as well as the Referral, ECF No. 1, with each court of which Joffe is presently a member of the bar, including but not limited to the Supreme Court of the United States, the United States Court of Appeals for the Second Circuit, the United States District Court for the Southern District of New York, the United States District Court for the Eastern District of New York, and the New York State Court of Appeals. The Court further orders Joffe, for the next five years, to file this Order, as well as the Referral, with each court before which he presently appears or seeks to appear pro hac vice and with each court to which he seeks admission to the bar. See generally

[4]

Liebowitz v. Bandshell Artist Mgmt., No. 20-2304, 2021 WL 2620416 (2d Cir. June 25, 2021) (summary order).

**SO ORDERED.**

/s/ William G. Young
WILLIAM G. YOUNG
JUDGE
of the
UNITED STATES[2]

---

[2] This is how my predecessor, Peleg Sprague (D. Mass. 1841-1865), would sign official documents. Now that I'm a Senior District Judge I adopt this format in honor of all the judicial colleagues, state and federal, with whom I have had the privilege to serve over the past 43 years.